DAVID J. KAMINSKI, ESQ., (SBN #128509)
STEPHEN A. WATKINS, ESQ., (SBN #205175)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
GC SERVICES LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PHILLIP ERKENBRACK,<br><br>    Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>    Defendants. | CASE NO. C08-000310 PVT<br><br>[Complaint Filed:   01/18/08<br><br>**ANSWER TO COMPLAINT**<br><br>Magistrate Judge: Hon. Patricia V. Trumbull |

Defendant GC SERVICES LIMITED PARTNERSHIP ("Defendant") answers the Complaint of Plaintiff PHILLIP ERKENBRACK ("Plaintiff") as follows:

1.     Answering Paragraph 1 of the Complaint, Defendant denies that it violated of the Fair Debt Collection Practices Act ("FDCPA"). The remainder of the allegations in Paragraph 1 states a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

2.     Answering Paragraph 2 of the Complaint, Defendant admits that this has jurisdiction.

3.     Answering Paragraph 3 of the Complaint, Defendant lacks sufficient information to either admit or deny Plaintiff's allegations, and on the basis Defendant cannot respond reasonably thereto.

05722.00:142168

1

ANSWER TO COMPLAINT                           CASE NO. C08-000310 PVT

4.    Answering Paragraph 4 of the Complaint, Defendant admits that it is a Texas Limited Partnership. The remainder of the allegations in Paragraph 4 states a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

5.    Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information to either admit or deny Plaintiff's allegations, and on the basis Defendant cannot respond reasonably thereto.

6.    Answering Paragraph 6 of the Complaint, Defendant denies each and every allegation..

7.    Answering Paragraph 7 of the Complaint, Defendant denies each and every allegation..

8.    Answering Paragraph 8 of the Complaint, Defendant denies each and every allegation..

9.    Answering Paragraph 9 of the Complaint, Defendant denies each and every allegation.

10.    Answering paragraph 10, Defendant denies each and every allegation..

11.    Answering paragraph 11, Defendant denies each and every allegation.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1.    Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2.    Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

**(Compliance with Statute)**

3.    The conduct of Defendant at all times complied with all applicable statutes,

regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

5. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to these answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith Claims)

6. The allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit as against Defendant. Plaintiff has brought this action against Defendant in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE

### (Defendant May Recover for Plaintiffs' Bad Faith Claim)

7. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover their reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority *California Code of Civil Procedure* sections 128.5 and 128.7.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8. If any acts or omissions of Defendant is proved, which this Defendant expressly denies occurred, then such acts or omissions were provoked by Plaintiffs, and done with the consent, express and implied, of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

9. Plaintiff is barred from any recovery or relief against Defendant because Defendant were not the actual or proximate cause of any of the damages, if any, alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Knowledge, Participation, Approval or Ratification)

10. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant is barred because Defendant had no knowledge of, nor did it participate in, approve of or ratify any of the alleged misconduct of any other Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Independent Intervening Cause)

11. Defendant is informed, and believes and thereon alleges, that any damages allegedly sustained by Plaintiff were caused by the actions and/or omissions of someone other than Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

12. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff is barred from maintaining the Complaint and each purported cause of

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14. The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

15. Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Actions Were Privileged and Justified)

16. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statute 15 U.S.C. § 1692k(c)..

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Actions Were Proper)

17. As a separate, affirmative defense, Defendant allege that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

18. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant admits, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

19. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### TWENTIETH AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

20. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant admits, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

21. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint;
2. For judgment in favor of Defendant, and against Plaintiff
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: March 14, 2008

CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
GC SERVICES LIMITED PARTNERSHIP

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. my business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **March 14, 2008,** I served the foregoing document(s) described as **ANSWER TO COMPLAINT** on all interested parties in this action by:

**SEE ATTACHED SERVICE LIST**

[ X ]   **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]   **BY FACSIMILE**: On the date set forth below, at approximately _____., I transmitted the above document(s) from facsimile machine number (310)242-2222, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[ ]   **BY PERSONAL SERVICE BY HAND**: I personally served said document(s) on the date set forth below, by personally hand serving the aforementioned document to (See Service List)

[ ]   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14th day of March, 2008**, at Los Angeles, California.

_/s/ Linda Brooks_
Linda Brooks

---
1
PROOF OF SERVICE

<u>**SERVICE LIST**</u>
<u>**Phillip Erkenbrack v. GC Services Limited Partnership**</u>
**Our File No . 05722.00**

| | |
|---|---|
| Tammy Hussin, Esq.<br>WEISBERG & MEYERS, LLC<br>6455 Pyrus Place<br>Carlsbad, CA 92011 | **Attorneys for Plaintiff**<br>**PHILLIP ERKENBRACK** |

2
PROOF OF SERVICE